**Luis Alberto Medina POSADA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71009.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 10, 2006.

Luis Alberto Medina Posada, Vista, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, James E. Grimes, Esq., Arthur L. Rabin, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Luis Alberto Medina Posada, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

under the Convention Against Torture ("CAT").

We lack jurisdiction to review the IJ's and BIA's determinations that Medina Posada did not meet the one-year deadline and did not qualify for an exception to the deadline for filing his asylum application. *See Ramadan v. Gonzales*, 427 F.3d 1218, 1221–22 (9th Cir.2005).

We have jurisdiction over Medina Posada's remaining claims under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), we deny the petition.

Substantial evidence supports the IJ's conclusion that Medina Posada is ineligible for withholding of removal because he did not establish that it is more likely than not that he will be persecuted on account of a protected ground. *INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Medina Posada also failed to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to Colombia. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

Regarding Medina Posada's argument that he was denied a fair hearing, we conclude that the IJ acted without bias, and that Medina Posada failed to show that he suffered any prejudice. *See Hassan v. INS*, 927 F.2d 465, 469 (9th Cir. 1991).

We lack jurisdiction to address Medina Posada's request to present additional evidence, because he did not raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004).

PETITION FOR REVIEW DISMISSED in part; DENIED in part.